IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORIO IBARRA GALICIA, ) | | |
| #1177671, ) | | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | 3:07-CV-0021-B | |
| ) | ECF | |
| NATHANIEL QUARTERMAN, ) | | |
| Director, Texas Department of Criminal, ) | | |
| Justice, Correctional Institutions Division,) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

<u>Parties</u>:  Petitioner is presently incarcerated at the Huntsville Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

<u>Statement of Case</u>:  Following his pleas of not guilty, a jury convicted Petitioner of indecency with a child and aggravated sexual assault of a child in the 195th Judicial

District Court of Dallas County, Texas, in Nos. F01-74776 and F01-74777. (Petition (Pet.) at 2). Punishment was assessed that ten years and thirty years imprisonment. (*Id.*). The Court of Appeals affirmed his convictions and sentences. *See Galicia v. State*, Nos. 05-03-01088-CR and 05-03-01123-CR (Tex. App. -- Dallas, Sep. 24, 2004, pet. ref.). On March 6, 2005, the Texas Court of Criminal Appeals (TCCA) refused his petitions for discretionary review. *See* Nos. PD-1670-04 and PD-1671-04 http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID= 230090 and 230091.

On August 14, 2006, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* No. W01-74776-A (Attachment I). On November 8, 2006, the TCCA denied the writ. *See Ex parte Galicia*, WR-65,919-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=246743.

In this federal petition, filed on January 4, 2007, Petitioner alleges a double jeopardy violation and ineffective assistance of counsel.[1]

Findings and Conclusions:   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675,

---

[1]   For purposes of this recommendation, the petition is deemed filed on December 28, 2006, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas

---

[2] On January 16, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed an "application for colorable miscarriage of justice/innocence," on February 8, 2007, which the Court liberally construes as his response to the show cause order.

Contemporaneously with the above pleading, Petitioner filed an interlocutory notice of appeal, reasserting his actual innocence. The interlocutory notice of appeal does not deprive this Court of subject matter jurisdiction because an appeal from an unappealable order does not have this effect. *See U.S. v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) (notice of appeal from nonappealable order does not render void for lack of jurisdiction acts of trial court taken in the interval between filing of the notice and dismissal of the appeal); *U.S. v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc) (contrary rule would leave district court powerless to prevent intentional dilatory tactics).

relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final for purposes of the one-year period on June 14, 2005, ninety days after March 16, 2005, when the TCCA refused his petitions for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on June 15, 2005, the day after the convictions became final, and expired on June 14, 2006. *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner did not file this federal habeas petition until December 28, 2006, 196 days after the one-year limitation period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, Petitioner's art. 11.07 application was not pending in state court during the one-year period. Therefore, the federal petition is clearly time barred.

In his February 8, 2007 pleading, Petitioner asserts he is actually innocent of the crimes he was convicted. To the extent Petitioner asserts his actual innocence precludes the dismissal of this § 2254 petition, his claim is meritless. The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. *See*

4

*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The present case does not present the type of extraordinary circumstances warranting equitable tolling. Moreover, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner delayed the filing of his art. 11.07 application until sixty days after the expiration of the one-year period. *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. Following the denial of his art. 11.07 application on November 8, 2006, Petitioner delayed an additional 49 days before submitting this federal petition for filing.

These delays – clearly of Petitioner's own making – do not constitute rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Likewise any claim that Petitioner's actual innocence should toll the limitation period is meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). In addition, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Here, Petitioner merely reiterates that the evidence presented at trial calls into questions his guilty and the reliability of the verdict. (Pet's Resp. at 1-2).

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Because Petitioner has not carried his burden to show that equitable tolling is warranted, the District Court should in the exercise of its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS the habeas corpus petition as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 27th day of February, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

7

**ATTACHMENT I**